RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Tyler D. Williams    [ISB No. 8512]
SPECIAL DEPUTY ATTORNEY GENERAL
Erik S. Guerra    [ISB No. 11983]
NAYLOR & HALES, P.C.
Attorneys at Law
999 W. Main Street, Ste. 500
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tdw@naylorhales.com; esg@naylorhales.com

Attorneys for Defendants Tyler, Riley, and Valley

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SKYLER FRANKS,<br><br>    Plaintiff,<br><br>v.<br><br>JESSYCA TYLER; DAVID RILEY; RANDY VALLEY; McKAYLA KUNZ; and JOHN OR JANE DOES Nos. 1-5,<br><br>    Defendants. | Case No: 1:24-cv-00148-DCN<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. 14)** |

Defendants Randy Valley, David Riley, and Jessyca Tyler, through their attorneys, Naylor & Hales, P.C., hereby opposes Plaintiff's motion to amend the complaint to add as parties Centurion of Idaho, Inc., and its Regional Medical Director, Dr. Murray Young, and to add factual allegations in support. (Dkt. 14).

Motions to amend filed after the scheduling order deadline are not governed by the liberal provisions of Rule 15(a), but instead by the more restrictive provisions of Rule 16(b) requiring a

**OPPOSITION TO MOTION TO AMEND COMPLAINT - 1.**

showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "The five factors commonly used to evaluate the propriety of a motion for leave to amend are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Bauer v. Bonner Cnty, Idaho*, No. 2:22-cv-00270-AKB, 2022 WL 4277902 (D. Idaho Sep. 24, 2024) (quoting *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v.* Davis, 371 U.S. 178, 182 (1962)).

When a motion to amend seeks to add new parties the movant must also satisfy the requirements for permissive joinder under Rule 20, which "is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Id.* (internal citations and quotations omitted). Under Rule 20, new defendants may only be permissively joined if: (1) liability is asserted as joint and several, or alternatively arises out of the same transaction or occurrence; and (2) there a question of law or fact common to all defendants. *Id.* (cleaned up) (citing F.R.C.P. 20(a)(2)(A)-(B)). The court must also examine whether permissive joinder "would comport with the principles of fundamental fairness or would result in prejudice to either side." *Id.* (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). As such, there is overlap between the Rule 16 and Rule 20 analysis, in particular with respect to fairness and prejudice.

The complaint in this case was filed over a year ago, on March 19, 2024. (Dkt. 1.) Under the scheduling order the deadline to amend was October 25, 2024. (Dkt. 12, ¶ 2.) This left Plaintiff with about seven months to conduct discovery related to potential liability of the "John or Jane Does 1-5" referenced in his complaint. Discovery, however, was not served on defendants until November 22, 2024 – after the amendment deadline. (Dkt. 14-2, ¶ 6.) The email that serves as the

**OPPOSITION TO MOTION TO AMEND COMPLAINT - 2.**

basis for Plaintiff's motion to amend was produced in connection with that discovery. (*Id.*, ¶ 8.) While Plaintiff has not acted in bad faith or with any dilatory motive, it is nonetheless undue delay and will cause further delay. Indeed, it was incumbent on Plaintiff to seek discovery into other potentially liable persons prior to the deadline to amend. Had he done so the same information would have been provided and he could have amended by the deadline. This would have kept the case on track. Waiting until after the deadline then seeking leave to amend risks negating the very purpose of the scheduling order.

Additionally, the current defendants are unduly prejudiced. The procedural rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.C.P. 1. Defendants have already been subjected to a lawsuit against them personally for the last year. Adding a separate corporation and one of its high-ranking officials to this suit based on separate medical claims necessarily prolongs the length of this case significantly. It will essentially be a reset. Defendants, however, are entitled to a just and timely resolution. The prejudice to them in having to be part of protracted litigation so that Plaintiff can pursue claims against other parties is unwarranted.

For these reasons, the Defendants respectfully ask that the Court deny Plaintiff's motion to amend.

DATED this 15th day of April, 2025.

                                          NAYLOR & HALES, P.C.

                                          By:*/s/ Tyler D. Williams*
                                                 TYLER D. WILLIAMS, Of the Firm
                                                 Attorneys for Defendants Tyler, Riley, and Valley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

- Craig H. Durham  chd@fergusondurham.com
  *Attorneys for Plaintiff*  durhamlaw@outlook.com

*/s/ Tyler D. Williams*
TYLER D. WILLIAMS

**OPPOSITION TO MOTION TO AMEND COMPLAINT - 4.**