UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SKYLER FRANKS<br><br>    Plaintiff,<br><br>v.<br><br>JESSYCA TYLER., et al.,<br><br>    Defendants. | Case No. 1:24-cv-00148-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Skyer Franks' Motion to Amend Complaint. Dkt. 14.

Having reviewed the record, the Court finds that the facts and legal argument are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On March 19, 2024, Franks filed his Complaint (Dkt. 1) alleging that Defendants violated his civil rights while he was incarcerated by unreasonably delaying medical treatment and ignoring his symptoms and need for a restrictive diet.

On July 23, 2024, the Court entered a Scheduling Order setting forth the deadlines

the parties are required to comply with in this case. *See generally* Dkt. 12. Relevant today, the deadline to amend the pleadings and join parties was set for October 25, 2024. *Id*. at 2.

On March 25, 2025, Franks filed the instant Motion to Amend. Dkt. 14. In his short memorandum in support of the Motion, Franks simply explains that during discovery he was able to ascertain the identity of certain Defendants—previously listed in his Complaint as "John and Jane Does 1-5"—and would like to amend to correctly identify those persons. Dkt. 14-1, at 3. Franks asks the Court to allow for the substitution of two Defendants (Centurion of Idaho, Inc., and Regional Medical Director Dr. Murray Young) for previously designated "John and Jane Doe" Defendants. *See generally* Dkt. 14-1. He claims that under Federal Rule of Civil Procedure 15's liberal standards, the Court must allow him to amend because it is in the interests of justice to decide cases fully and completely in one proceeding with all relevant parts. *Id*. at 4–7.

Defendants[1] – or at least those affected by the Motion – oppose Franks' request. Dkt. 15. Defendants assert that Federal Rule of Civil Procedure 16 applies, and, under that standard, Franks cannot show he has been diligent in bringing his Motion because he could have easily done so before the applicable deadline. *Id*. at 2–3. Additionally, Defendants contend that, if the Motion were granted, they would be unduly prejudiced. *Id*. at 3. By adding a separate corporation and one of its high-ranking officials to this suit based on

---

[1] Defendants Randy Valley, David Riley, and Jessyca Tyler, who will be referred to collectively as "Defendants" throughout this Order, oppose Franks motion to amend the complaint to add as parties Centurion of Idaho, Inc., and its Regional Medical Director, Dr. Murray Young. Dkt. 15, at 1. Defendants assert that Franks has not made a showing of good cause since his Complaint was filed over a year ago. *Id*. at 2. Additionally, Defendants argue they would be unduly prejudiced because adding a separate corporation and one of its high-ranking officials to this suit based on separate medical claims necessarily prolongs the length of this case significantly. *Id*. at 3.

separate medical claims, the goal "to secure the just, speedy, and inexpensive determination of every action and proceeding" would be foiled. *Id*.

In reply, Franks continues to assert Rule 15 governs, he has exercised reasonable diligence, and he only recently discovered the facts necessary to seek this present motion to amend. *See generally* Dkt. 16. Additionally, Franks contends Defendants will not be prejudiced by the addition of new parties, as such an addition is not out of the ordinary for a civil case, and it is unlikely that the addition of similarly aligned Defendants who operate in the prison sector will add to the existing Defendants' time or resource burden in a significant way. *Id*. at 3.

### III. LEGAL STANDARD

"Once [a] district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . establish[ing] a timetable for amending pleadings," Rule 16's standards control any motion to amend the pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If the party seeking amendment establishes "good cause" under Rule 16, the party then must demonstrate an amendment is, nevertheless, proper under Rule 15. *Johnson*, 975 F.2d at 609.

Rule 16's good cause inquiry focuses primarily on "the diligence of the party seeking the amendment." *Id.* "Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. If disregarded it would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent

and the cavalier.'" *Walker v. City of Pocatello*, 2017 WL 1650014 at *1 (D. Idaho May 1, 2017) (quoting *Johnson*, 975 F.2d at 610). The Ninth Circuit has instructed that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990).

Working in tandem with Rule 16, Rule 15 of the Federal Rules of Civil Procedure provides that, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15 "policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up).

### IV. DISCUSSION

To begin, Rule 16 is the correct standard to govern here because a scheduling order is in place. Thus, the "good cause" inquiry applies.

Here, there is good cause to allow amendment.[2] The deadline to amend was October 25, 2024. Dkt 12, at 2. Initial disclosures began August 9, 2024. Dkt. 10, at 3. And factual

---

[2] The Ninth Circuit has recognized that where the identity of alleged defendants is unknown prior to filing a complaint, the plaintiff should be permitted to discover their identities through discovery. *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

discovery was due April 25, 2025. Dkt. 12, at 2. On November 22, 2024, Franks submitted written discovery requests to the IDOC Defendants.[3] Dkt. 14-1, at 2. After an informal extension of time of about three weeks, Defendants responded to Franks' discovery requests on January 20, 2025, with supplemental responses provided on February 10 and February 28. *Id*. at 3. The latter disclosure on February 28 contained emails from the IDOC Defendants to certain Centurion employees. *Id*. For the first time, Franks discovered Dr. Murray Young and Centurion of Idaho, Inc. potentially had a role in this case. *Id*. Franks filed the instant Motion less than a month after the last set of disclosures. Having learned of Centurion and Dr. Young's involvement in this case through recent discovery disclosures, Franks has shown good cause. He did not learn of the facts supporting the requested amendment until after Defendants responded to discovery, and he sought leave to amend with a reasonable time after he learned of that information. Thus, it is proper for the Court to allow for an amendment under Rule 16.

Additionally, Defendants do not provide enough evidence of clear prejudice such that the Court should not allow amendment. Franks did have seven months, from roughly August 2024 to March 2025, to conduct discovery related to potential liability of the "John or Jane Does 1-5" referenced in his complaint before the instant Motion was filed. Dkt. 15, at 2. Consequently, allowing the amendment does necessarily prolong the litigation, requiring more time and resources from the parties involved. *Id*. However, good cause does

---

[3] The IDOC Defendants include Dietary Services Manager Jessyca Tyler, ISCC Food Service Officer David Riley, and Warden Randy Valley. Dkt. 14-1, at 2. The Complaint also named the only Centurion employee whose identity was known to Franks at the time–nurse McKayla Kunz–but Franks has been unable to locate her for service of process. *Id*.

still exist, and the interests of justice are better served by amendment, because the change at issue here facilitates the replacement of proper names for previously unknown Does – parties who should have been included originally if they could have been identified.

The Court similarly finds amendment serves the interests of a just and speedy resolution of the case. Applying Rule 15 liberally, it would be counterproductive to require Franks to pursue a different action against the newly named Defendants when many of the same facts underly both actions. The Court seeks to ensure that all relevant parties are included in the proceedings. Allowing the addition of these new Defendants will ultimately serve the interests of justice, facilitating a thorough examination of the case's merits.

## V. CONCLUSION

In sum, the Court finds Franks was diligent in bringing his Motion, and there is good cause to allow the amendment requested. Franks' Motion to Amend is granted.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Franks's Motion to Amend (Dkt. 14) is **GRANTED**.

2. Franks should file a clean version of his Amended Complaint (Dkt. 14-5) within seven days of the date of this order.

DATED: June 6, 2025

David C. Nye
Chief U.S. District Court Judge