Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorney for Defendants Centurion of Idaho, LLC, and Murray Young, M.D.,*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SKYLER FRANKS,<br><br>        Plaintiff,<br><br>vs.<br><br>JESSYCA TYLER; DAVID RILEY; RANDY VALLEY; McKAYLA KUNZ; CENTURION OF IDAHO, INC.; MURRAY YOUNG, M.D.; and JOHN OR JANE DOES Nos. 1-5<br><br>        Defendants. | Case No. 1:24-cv-00148-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS CENTURION OF IDAHO, LLC AND MURRAY YOUNG, M.D.'S MOTION TO DISMISS** |

Defendants Centurion of Idaho, LLC ("Centurion") and Murray Young, M.D. ("Dr. Young," collectively "Defendants"), by and through their counsel of record, Duke Evett, PLLC, hereby move for an Order dismissing all claims against Centurion and Dr. Young pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.    INTRODUCTION

Defendants respectfully request this Court dismiss Plaintiff's single count alleged against them in Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Franks' allegations fail to state a plausible claim against Defendants and are time barred.

Franks filed his original Complaint on March 19, 2024 [Dkt.1] against Jessyca Tyler; David Riley; Randy Valley; McKayla Kunz; and John or Jane Does Nos. 1-5; neither Centurion nor Dr. Young were named as defendants, although Centurion was identified as an entity in the body of the Complaint. Approximately one year later, this Court granted Plaintiff's Motion to Amend Complaint [Dkt. 17], authorizing Plaintiff to file an Amended Complaint. In Franks' June 12, 2025 Amended Complaint [Dkt. 19], Franks asserts a single claim for "Cruel and Unusual Punishment – Delay and Denial of Medical Care" against Centurion and Dr. Young, among others, pursuant to the Eighth and Fourteenth Amendments and 42 U.S.C. 1983. [Dkt. 19]. Franks' allegations are rooted in events occurring during May 2022 – April 2023, more than two years prior to his filing of the Amended Complaint that heralded Centurion and Dr. Young into this litigation.

Plaintiff claims Centurion and Dr. Young "were deliberately indifferent to Mr. Franks['] serious medical need." [Dkt. 19]. However, Franks never explicitly says what comprised his "serious medical need" anywhere in the 78 paragraphs of allegations. [Dkt. 19]. Franks alleges he experienced gastrointestinal symptoms that were ignored by certain defendants, his medical care was delayed by certain defendants, and his meals were improper in light of his nutrition requirements and/or food allergies, but recognizes he was provided some medical care to identify previously unknown food allergies and that two separate medical diets were implemented during the time in question. [Dkt. 19, at ¶¶ 20-29, 35, 70-72]. His claim does little more than recite the elements of a deliberate indifference claim, as Franks simply alleges he "faced a serious medical need;" "defendants each were deliberately indifference[sic] to that medical need;" and Defendants "caused harm to [him.]" [Dkt. 19, at ¶¶ 97-102]. Mr. Franks also asserts that Centurion "had a policy, practice, or custom that was the moving force behind the constitutional violation," yet again fails to identify with any meaningful detail any such policy, practice, or custom.

MEMORANDUM IN SUPPORT OF DEFENDANTS CENTURION OF IDAHO, LLC, AND MURRAY YOUNG, M.D.'S MOTION TO DISMISS - 2

Defendants did not ignore Franks' medical concerns. Within the four corners of Franks' Amended Complaint are details demonstrating Defendants were not deliberately indifferent to his claimed medical symptoms and dietary needs. The prohibition against cruel and unusual punishment within the Eighth Amendment is not implicated under Franks' allegations, and thus, the Court must dismiss Franks's Eighth Amendment claim as to Defendants with prejudice. Franks' Fourteenth Amendment claim must also be dismissed as he provides no detail of the basis for such a claim.

## II.   BACKGROUND

Franks first filed his Complaint on March 19, 2024 [Dkt.1] against Jessyca Tyler; David Riley; Randy Valley; McKayla Kunz; and John or Jane Does Nos. 1-5. On June 12, 2025, Franks filed his Amended Civil Rights Complaint 42 U.S.C. § 1983 and Jury Trial Demand alleging violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C., § 1983 by way of two counts: (1) "Cruel and Unusual Punishment – Prison Diet" against IDOC defendants for on the grounds they were "deliberately indifferent to a substantial risk of serious harm to Mr. Franks, and (2) against Defendants and others for "Cruel and Unusual Punishment – Delay and Denial of Medical Care" on the grounds the identified defendants "were deliberately related to the IDOC's patient scheduling and allergen free diet. [Dkt. 19].

In the Spring of 2022, Franks began experiencing gastrointestinal distress. *Id.* ¶¶ 13-14. In May of 2022, Franks submitted a Health Services Request (HSR), by which he requested an antacid. *Id.* ¶ 16. As Franks notes, an HSR is a specific form that prison residents must use to seek medical treatment; he does not allege who receives these forms or who bears responsibility for responding to HSRs, e.g., whether a Centurion-employed medical provider, an IDOC-employee, or otherwise. *Id.* ¶¶ 16, 75. His reported symptoms included "pain, bloating, gas, heartburn,

cramping, and frequent diarrhea," as well as "itching, headaches, and nausea" after eating. *Id.* ¶¶ 14, 15. Franks' request was approved and he was provided with antacid (though he does not indicate who provided him with the antacid). *Id.* ¶ 18.

On June 11, 2022, Franks asserts he submitted a HSR "notifying the provider that he was experiencing an upset stomach, diarrhea, and heartburn;" he does not state what relief he requested, e.g., whether it was an appointment, medication, or otherwise. *Id.* ¶ 20.

On August 6, 2022, Franks saw a medical provider who ordered food allergy testing. *Id.*, ¶ 24. On September 27, 2022, Franks had his blood drawn for testing. *Id.* ¶ 26. Results of his allergy lab tests returned on September 28, 2022 revealing he had "food allergies in varying degrees to corn, wheat, peanuts, and walnuts." *Id.* ¶¶ 26-28. Significantly, Franks does not disclose his degree of allergy to the four foods nor does he state whether his test results meant he required a diet completely free of all traces of each food.

Franks admits, after receiving his allergen results, "a medical provider" provided an order to ISCC kitchen administrators that Franks "should be given a diet that did not contain any of those allergens." *Id.* ¶ 29. Franks admits the prison staff communicated they were attempting to offer a medically compliant diet. *Id.* ¶ 55. In fact, Franks states that Warden Valley responded to his November 2022 grievance: "It is out intent to adhere to your medical diet restrictions. And we believe we are currently meeting these restrictions. It is difficult to respond regarding your concerns without specific items listed that you believe do not meet the restrictions." *Id.* ¶ 55. Franks' further allegations related to the diet he was served during the period of October 2022 – December 22, 2022 reflect neither Centurion nor Dr. Young were involved in his dietary selections during that time. *Id.* ¶¶ 30-70.

The first specific allegation as to Dr. Young by Franks alleges he IDOC Dietary Services Manager contacted Dr. Young regarding Franks' meals on December 22, 2022 and Dr. Young advised to "[k]eep doing what we are doing." *Id.* ¶ 70. As Franks recognized in his Amended Complaint, what IDOC was doing for Franks at that time was providing a "medical diet" in the form of "no gluten, no dairy, no peanut, no corn, and no walnut." *Id.* ¶¶ 61, 70, 73.

Franks summarily concludes Mr. Riley, Warden Valley, Ms. Tyler, and Dr. Young were aware of his "serious medical need" around December 2022 and that he continued to experience "explosive diarrhea multiple times a day [and] continued to bleed from his rectum . . .despite allegedly being on a medical diet." *Id.* ¶¶71-74. However, Franks sets forth no allegations in his Amended Complaint of how he allegedly made Dr. Young or Centurion aware of his continued symptoms or concerns regarding his diet during November or December 2022.

During the first few months of 2023, Franks contends he submitted HSRs seeking further help to modify his diet and reporting the symptoms he continued to experience "with the medical provider," but does not state how many HSRs he allegedly submitted, the identity of the provider he gave these HSRs to, or whether this provider was Dr. Young or a Centurion provider at all. *Id.*, ¶ 75. Instead, Franks identifies a "traveling nurse," McKayla Kunz, who he assumed was a Centurion nurse. *Id.* ¶ 76-77. Franks alleges Nurse Kunz, Dr. Young, and Centurion providers ignored his HSRs and did not schedule a sick call for him or follow on his requests for assistance. *Id.* ¶79. What Franks does not allege is whether his HSRs were submitted to a Centurion provider or another ISCC employee, whether his HSRs requested he be scheduled for a provider visit within a certain timeframe, or whether he needed to be seen emergently for a "sick call." Franks further describes that, in early April 2023, a medical provider ordered a new medical diet for him that he contends eased some of his ongoing symptoms, but his rectal pain persisted. *Id.* ¶¶80-82. Again,

Franks does not detail how he came to see this new provider, e.g., via HSR request. It is apparent from Franks' Amended Complaint that he demanded a highly individualized medical diet plan consisting of "non-processed meats," "vegetables," and "other fresh staples" from medical and other staff at ISCC. *Id.* ¶¶ 33, 68, 81. Franks claims as long as he eats "all fresh foods" he does not experience gastrointestinal symptoms. *Id.* ¶¶ 88-89. Franks was released on April 14, 2023. [Dkt. 19] ¶¶ 3, 83.

At the outset, Franks' allegations against Centurion and Dr. Young should be dismissed as untimely because they are rooted in events occurring more than two years before his June 2025 Amended Complaint. In the event this Court is not inclined to dismiss the allegations outright on this basis, Franks' Amended Complaint as against Centurion and Dr. Young should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Franks fails to state any colorable claim that Defendants violated the Eighth Amendment by delaying and/or denying him medical care; he fails to demonstrate Defendants acted with deliberate indifference towards him, resulting in allegedly unnecessary and wanton infliction of pain or even ordinary lack of due care for his interest or safety. Rather, his Amended Complaint demonstrates Defendants provided medical care to address his food allergy concerns and associated gastrointestinal symptoms, including ordering two special medical diets for him. Similarly, Franks provides no specific allegations as to a Fourteenth Amendment claim, despite including it in the title of his claims seeking relief. Defendants respectfully request this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims against Defendants in their entirety.

### III.     STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For Franks' Amended Complaint to survive a Rule 12(b)(6) Motion to Dismiss, it must contain sufficient facts to state a claim of relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Court is to construe all inferences from a plaintiff's pleadings in his favor, and take all factual allegations in the complaint as true, *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010), a motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim for relief if the factual assertions are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Stated another way, a Complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

The Court's inquiry on a 12(b) Motion to Dismiss is generally limited to the information presented in a plaintiff's complaint but may consider documents attached or incorporated by reference in the complaint or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### IV.   ARGUMENT

**I.   Franks' Amended Complaint must be dismissed to the extent his claims against Defendants are time barred.**

Franks' Amended Complaint identifies events giving rise to his cause of action against Defendants that occurred during the period of May 2022 – April 2023. The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985). Idaho Code § 5-219, providing for a two-year statute of limitations for personal injuries, governs federal civil rights actions arising in Idaho, such as Franks' action.

A state's statute of limitations determines the time for filing a claim, while federal law determines when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has confirmed a claim accrues when a plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

The Idaho Supreme Court has instructed "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho excuses untimeliness of claims subject to statutory bases including a person's minority status or insanity, I.C. § 5-230, or pursuant to a theory of equitable estoppel, which "does not 'extend' a statute of limitation" but rather prevents a party who has

falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994). If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for failure to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021,1030 (9th Cir. 2015).

Here, Franks filed his initial Complaint on March 19, 2024 and did not name Centurion or Dr. Young as defendants, despite identifying Centurion as an entity and perceived employer of one medical provider identified in his allegations. [Dkt. 1]. Franks filed his Amended Complaint[1] on June 12, 2025, adding Centurion and Dr. Young as defendants. [Dkt. 19]. Plaintiff's allegations occurred during the period of May 2022 – April 2023. [Dkt. 19], ¶¶ 16, 83. Applying the two-year statute of limitations, any claims arising out of conduct occurring before June 12, 2023 are time barred. In turn, as Plaintiff's claim against Centurion and Dr. Young is rooted in conduct occurring prior to June 12, 2023, the claim must be dismissed as untimely.

## II. Franks' Amended Complaint fails to state a plausible Eighth Amendment claim against Defendants and must be dismissed.

Franks' Amended Complaint fails to state a plausible claim for relief against Defendants, even construing the pleading in a light most favorable to Franks *and* construing the pleading liberally. Franks' allegations against Defendants are nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" unsupported by facts and expressly disallowed by

---

[1] On June 6, 2025, this Court issued a Memorandum Decision and Order granting Franks' Motion to Amend to add Centurion and Dr. Young. While Defendants Valley, Riley, and Tyler opposed the motion to amend, Centurion and Dr. Young were not provided opportunity to respond, as neither was involved in the case. It does not appear that any statute of limitations arguments were made or considered by the court in connection with deciding the motion to amend. *See* [Dkt. 17].

the Federal Rules of Civil Procedure as insufficient to state a plausible claim. *Smith v. Bangs*, No. 2:22-CV-00426-DCN, 2024 WL 310081, at *1 (D. Idaho Jac. 26, 2024).

- A. <u>Franks cannot sustain his Eighth Amendment claim against Defendants because he fails to identify any plausible acts remotely suggesting Defendants were deliberately indifferent to him.</u>

Franks' Eighth Amendment cause of action against Defendants is a mere recitation of the elements of such a claim and devoid of appropriate factual support. [Dkt. 19] ¶¶ 97-102. The Eighth Amendment protects inmates from cruel and unusual punishment during incarceration. *Allison v. Corizon Medical*, No. 1:19-CV-00122-BLW, 2022 WL 1321167, at *3 (D. Idaho May 3, 2022). A prison official violates an inmate's Eighth Amendment rights when he or she acts "with deliberate indifference" with respect to the "serious medical needs" of the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference inquiry requires more than a simple showing of ordinary lack of due care for the inmate's interests. *Allison v. Corizon Medical*, No. 1:19-CV-00122-BLW, 2022 WL 1321167, at *3.

Franks' Eighth Amendment allegation against Defendants is based on "Delay and Denial of Medical Care," arguing deliberate indifference by failure to take reasonable measures to address Franks' serious medical need; yet Franks never explicitly states what his "serious medical need" constituted. [Dkt. 19, II, ¶ 100]. Franks' pleading admits he was cared for by medical providers, was offered a special medical diet to address his newly identified food allergies, was not denied medical care, did not sustain significant injury, and did not suffer "unnecessary and wanton infliction of pain. *Compare* [Dkt. 19, ¶¶ 16-81] *with Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014).

To prevail on an Eighth Amendment claim Franks must satisfy both an "objective standard," which requires him to show a "serious medical need," and a "subjective standard," which requires a showing of "deliberate indifference." *Id.*; *see Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To meet the objective standard, Franks must show the denial of his serious medical need resulted in the "unnecessary and wanton infliction of pain." *Snow v. McDaniel*, 681 F.3d at 985. For the subjective standard, Franks must show "more than the ordinary lack of due care for this interest or safety," specifically that the prison official in question acted with "subjective recklessness." *Id.* "If medical personnel have been 'consistently responsive to [the inmate's] medical needs,' and there has been no showing that the medical personnel had 'subjective knowledge and conscious disregard of a substantial risk of serious injury,' there has been no Eighth Amendment violation. *Id.* (citations omitted).

To be clear, deliberate indifference under the Eighth Amendment requires something more than mere indifference, negligence, or malpractice, and has been construed as a higher standard than gross negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989). To establish deliberate indifference, a plaintiff must show that prison medical officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that the defendants actually "dr[ew] that inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A plaintiff cannot show deliberate indifference without evidence of "a purposeful act or failure to respond," or a "harmful" delay of medical treatment. *Jett v. Penner*, 439 F.3d 1091, 1096-98 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (concluding defendant not deliberately indifferent where no evidence of delay, and medical staff were "consistently responsive to [the prisoner's] medical needs").

Prison medical officials' "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Estelle*, 429 U.S. at 104 ). "[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F. 3d 254, 261–262 (7th Cir. 1996).

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. Adequate nutrition claims fall under the deliberate-indifference standard. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 n.21 (9th Cir. 2016). "The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Id.* at 1259 (quoting *Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009)).

Franks' Amended Complaint does not contain sufficient facts to state an Eighth Amendment claim against Defendants to survive a Rule 12(b) Motion to Dismiss. Franks mentions Dr. Young four times in his Amended Complaint:

- "Defendant Dr. Murray Young is a Centurion employee and the Regional Medical Director for Centurion in Idaho. He was responsible for Mr. Franks' medical care." [Dkt. 19] ¶ 10.

- "On or about December 22, 2022, Ms. Tyler emailed Centurion's Regional Medical Director, Dr. Murray Young. In that email, she wrote to Dr. Young, part 'I just wanted to check in with you and make sure we're on the same page, or if there is a different way that you'd prefer I approach Franks' menu?' Dr. Young responded, 'Keep doing what we are doing, we are not changing anything for 1 individual." *Id.* ¶ 70.

- "Mr. Riley, Warden Valley, Ms. Tyler, and Dr. Murray Young were aware of Mr. Frank's serious medical need." *Id.* ¶ 72.

- "Ms. Kunz ignored Mr. Franks' HSRs, as did Dr. Young, and Centurion Defendant Does, who are presently unidentified to Mr. Franks but who were also Centurion nurses or other medical providers that were responsible for Mr. Franks' care at that time. They did not schedule a sick call for him or follow up with his distressing requests for assistance." *Id.* ¶ 79.

As to Centurion, Franks alleges that the medical providers were employed by Centurion, that Centurion was experiencing rapid turnover and staffing shortages causing delays in care for ISCC residents, and Centurion providers delayed providing him care in June – September 2022 and January – March 2023 because they did not quickly follow up regarding his symptoms. *Id.*, ¶¶ 17, 19, 78, 79. Franks claims Dr. Young and Centurion knew of his "serious medical need" and "disregarded it by failing to take reasonable measures to address it." [Dkt. 19] ¶ 100. Contrary to Franks' allegations, his Amended Complaint demonstrates on its face that Dr. Young and Centurion did take reasonable measures to alleviate his gastrointestinal issues during the period of May 2022 – April 2023: he (i) was provided medical evaluation, care, and treatment, (ii) underwent food allergy testing when indicated, (iii) was ordered a medical diet free from the four allergens identified by his testing, and (iv) was subsequently trialed on an even more individualized diet via direct order by a medical provider after disclosing he continued to experience his gastrointestinal symptoms. In short, Franks' Eighth Amendment claim fails because Dr. Young and Centurion took reasonable measures to alleviate his communicated gastrointestinal issues and dietary needs.

Moreover, Franks has not shown the denial of any serious medical need resulted in "unnecessary and wanton infliction of pain" to satisfy the necessary objective standard, nor has he shown Dr. Young or Centurion acted with more than an ordinary lack of due care for his interest or safety. *See Snow v. McDaniel*, 681 F.3d at 985. In the absence of any allegations providing Dr. Young or Centurion acted with subjective recklessness, his claim necessarily fails. *Id.* The only allegations against Dr. Young and Centurion assert they ignored his HSRs, delayed in obtaining

MEMORANDUM IN SUPPORT OF DEFENDANTS CENTURION OF IDAHO, LLC, AND MURRAY YOUNG, M.D.'S MOTION TO DISMISS - 13

food allergen testing and provider assessment during June – September 2022, and did not schedule a sick call follow-up appointment quickly enough during the period of January – March 2023. Significantly, Franks did not assert he notified Dr. Young or Centurion he needed to be seen emergently at any point, or suffered an acute sickness to warrant an emergent sick visit. His allegations are insufficient to establish an Eighth Amendment violation.

Additionally and significantly, Franks states his appointment was delayed nearly two months but does not argue that during that time he suffered from malnutrition or was denied any medication. *Id.* Franks does not claim that between his June 11, 2022 HSR and his lab testing on September 27, 2022 that he communicated an ongoing serious medical issue to Dr. Young or Centurion requiring immediate attention. *Id.* ¶¶ 20-26. Further, even after a medical provider further modified his diet in April 2023, Franks reported only some of his symptoms improved, demonstrating modification of his diet was not a quick nor straight-forward cure for all of his symptoms. Franks does not explain what serious medical harm was known by Defendants or how they recklessly ignored him, as Franks admits he was offered food allergen testing and an individualized menu option after receiving the allergen results. Franks does not claim Defendants ignored his food allergen suspicions or unreasonably forced him to consume allergens. Franks was provided an alternative, established medical diet option appropriate for his identified allergens, yet he wanted a highly individualized diet plan, which Dr. Young was not inclined to adopt given the circumstances at that time. Although Franks claims he submitted HSRs he does not state that Defendants were responsible for specific responses to his HSRs, does not state what he communicated in his HSRs, does not state he sought care for acute gastrointestinal and rectal pain, and does not allege Defendants denied him treatment. Defendants were reasonably responsive to his medical needs and Defendants' declining to revise a reasonable medical diet free from all of

his food allergens does not demonstrate a medical failure rising to the level of an Eighth Amendment violation. Dissatisfaction with one particular medical diet is insufficient to establish deliberate indifference under the Eighth Amendment.

> B. <u>To the extent Franks' claim against Centurion is based on a policy, practice, or custom violation, the claim lacks any cognizable basis and must be dismissed.</u>

Franks asserts Centurion had "a policy, practice, or custom that was the moving force behind the constitutional violation" but fails to identify any policy, practice or custom of Centurion beyond a traveling nurse's purported comment that "turnover was heavy" and Centurion was not fully staffing its medical providers. [Dkt. 19] ¶ 78. Franks does not allege nor does he suggest that Centurion intentionally understaffed its medical providers at ISCC.

Taking Franks' allegation as true, no facts appear on the face of his Amended Complaint to remotely suggest Centurion or Dr. Young acted with something beyond ordinary lack of due care for ISCC residents' interest or safety. Franks does not, and cannot, allege Centurion engaged in a "purposeful" practice of understaffing medical providers at ISCC; suffering a high turnover rate does not automatically correlate with an intentional practice of failing to hire. *See Jett v. Penner*, 439 F.3d at 1096. Moreover, Franks has not alleged how the purported high turnover and less-than-full staffing resulted in his Eighth Amendment right to be free from cruel and unusual punishment being violated. Franks does not allege Centurion denied him a special medical diet, denied him medical care for serious and ongoing gastrointestinal issues, interfered with his receiving a special medical diet free from allergens, or intentionally delayed in providing him access to necessary medical care. Accordingly, any argument in the pleadings that Centurion's policy, practice, or custom caused a violation of his Eighth Amendment rights is meritless.

**III.    Franks' Fourteenth Amendment Claims lacks any basis as against Dr. Young and Centurion and must also be dismissed.**

The Fourteenth Amendment creates multiple rights for inmate litigants enforceable through 42 U.S.C. § 1983 claims including: substantive and procedural due process rights, the right to equal protection of the laws, and enforcement of the First, Second, Fourth, and Eighth Amendment rights incorporated by the Due Process Clause of the Fourteenth Amendment. Franks' complete lack of clarity and any details regarding the basis for his Fourteenth Amendment claim alone is sufficient to show he has failed to meet the pleading standards set forth by FRCP 12(b)(6). Franks' sole mention of the Fourteenth Amendment is in the title to his "Claims for Relief" on page 16:



Franks provides no details of the basis for the Fourteenth Amendment claim against Dr. Young or Centurion, e.g., whether asserted solely as relates to enforcement of his Eighth Amendment rights or for some other purpose. The title for his Claims for Relief constitutes the only mention of the Fourteenth Amendment linking Defendants to a Fourteenth Amendment claim, which represents nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" unsupported by facts and expressly disallowed by the Federal Rules of Civil Procedure. *Smith v. Bangs*, No. 2:22-CV-00426-DCN, 2024 WL 310081, at *1 (D. Idaho Jan. 26, 2024). In turn, Franks has failed to allege a colorable claim for relief against Centurion or Dr. Young under the Fourteenth Amendment.

## V. CONCLUSION

Franks has failed to properly assert a claim for relief under the Eighth and Fourteenth Amendments against Defendants. At the outset, Franks' allegations against Centurion and Dr. Young should be time barred because they are rooted in events occurring more than two years before his Amended Complaint was filed. In the event this Court is not inclined to dismiss the allegations outright on this basis, Franks' conclusory allegations that Defendants violated the Eighth Amendment by delaying and/or denying him medical care should be dismissed because they fail to demonstrate a reasonable inference that Defendants acted with deliberate indifference towards him, resulting in unnecessary and wanton infliction of pain or something beyond ordinary lack of due care for his interest or safety; rather, his Amended Complaint demonstrates that Defendants provided medical care to address his food allergy concerns and associated gastrointestinal symptoms, including ordering two special medical diets for him. Similarly, Franks' Amended Complaint provides no specific allegations as to a Fourteenth Amendment claim. As such, Defendants respectfully request this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims against Defendants in their entirely and with prejudice.

DATED this 25th day of August, 2025.

DUKE EVETT, PLLC,

By: /s/ Christina M. Hesse
　　Christina M. Hesse – Of the Firm
　　*Attorney for Defendants Centurion of Idaho,*
　　*LLC, and Murray Young, M.D.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of August, 2025, I cause a true and correct copy of the foregoing documents to be electronically filed with U.S. District Court, which send a Notice of Electronic Filings to the following persons:

| | |
|---|---|
| Craig H. Durham | chd@fergusondurham.com |
| Erika S. Guerra | esg@nelsonwilliamslaw.com |
| Tyler D. Williams | tyler@nelsonwilliamslaw.com |

      /s/ Christina M. Hesse
      Christina M. Hesse – Of the Firm