Christina M. Hesse
ISB #10712; cmh@dukeevett.com
DUKE EVETT, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone: (208)-342-3310
Facsimile: (208)-342-3299

*Attorney for Defendants Centurion of Idaho, LLC, and Murray Young, M.D.,*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SKYLER FRANKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JESSYCA TYLER; DAVID RILEY; RANDY VALLEY; McKAYLA KUNZ; CENTURION OF IDAHO, INC.; MURRAY YOUNG, M.D.; and JOHN OR JANE DOES Nos. 1-5<br><br>　　　　Defendants. | Case No. 1:24-cv-00148-DCN<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS [Dkt. 25]** |

Defendants Centurion of Idaho, LLC ("Centurion") and Murray Young, M.D. ("Dr. Young," collectively "Defendants"), by and through their counsel of record, Duke Evett, PLLC, submits this Reply in further of Defendants' Motion to Dismiss.

**INTRODUCTION**

By his original and Amended Complaint, Franks alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment based on his inability to curate an individualized, particular diet while in custody with the Idaho Department of Correction ("IDOC"). Franks did not state what his "serious medical need" was anywhere within his Amended

Complaint, beyond asserting he experienced gastrointestinal symptoms, alleging his medical care was delayed, and claiming his medical diet plans were an insufficient dietary accommodation in light of his food allergies. [Dkt. 19, at ¶¶ 20-29, 35, 70-72]. Nevertheless, his Amended Complaint recognizes on its face that Franks requested and was served two special medical diet plans free from his identified food allergens after medical providers evaluated him and learned of his food allergies. [Dkt. 19, ¶¶29, 55, 61, 70, 73, 80-82]. Defendants filed a Motion to Dismiss [Dkt. 23] on August 25, 2025 and asked the Court to dismiss Franks' claims against them on the grounds the allegations fail to state a plausible claim against Defendants and are time-barred.

In Franks' *Memorandum in Opposition* [Dkt. 24], he argues the date he <u>filed</u> his motion to amend is the operative date for the timeliness inquiry, that Centurion's understaffing caused delays, and Dr. Young ignored requests to create a particular diet. *See Plaintiff's Memorandum in Opposition to Centurion of Idaho and Dr. Murray Young's Motion to Dismiss*, pp. 4-5. Yet, Franks cannot identify any binding authority to support the date of filing of a motion to amend a complaint serves as the filing date for statute of limitations inquiries, and fails to sufficiently allege a Centurion "policy, practice, or custom" caused Franks a constitutional violation. The pleadings, construed in the light most favorable to Franks, fail to support a claim of deliberate indifference under the Eighth Amendment and, therefore, must be dismissed. Dismissal is appropriate here because the pleadings do not support a conclusion that Defendants acted with deliberate indifference to a serious medical need when they, in fact, provided Franks with medical care and a special diet.

## ARGUMENT

As explained in Defendants' opening brief [Dkt. 23], Franks failed to state a plausible claim under his "Delay and Denial of Medical Care" allegation as to Centurion of Idaho and Dr. Young.

Franks claims he is entitled to relief under his Eighth Amendment claims because one IDOC employee was surprised that someone no longer worked there. [Dkt. 19] ¶ 78. The conclusory allegation that Dr. Young was "ultimately responsible for his medical care" does not, without more, meet the high standard necessary to plead deliberate indifference. To the contrary, Franks' allegations demonstrate Defendants provided medical care to Franks to identify previously unknown food allergies and implemented two separate, special medical diets to accommodate his food allergies and gastrointestinal symptoms. In turn, Franks failed to satisfy the pleading standard required to show that Defendants acted with deliberate indifference as part of a continuing practice and dismissal as to Centurion of Idaho and Dr. Young is appropriate.

> **A. Franks' claim against Defendants is time barred; he cannot cite any binding authority that supports his time of filing argument and his discrete claims do not relate back.**

Franks' original Complaint [Dkt.1] identified Centurion as an entity in the body of the Complaint but Franks did not name Centurion of Idaho or Dr. Young as a defendant. By his *Opposition,* Franks claims: he learned of Dr. Young's involvement only from emails obtained in discovery, Dr. Young fits into his "Doe Defendant" categories ("Does 1-5"), the continuing violations doctrine applies, and his allegations against Centurion of Idaho and Dr. Young are timely because they relate back to the date of his original Complaint. Franks' arguments are insufficient to withstand a Rule 12(b)(6) challenge.

Franks asserts Dr. Young, as the regional medical director, was responsible for his care but declined changing the menu for him. [Dkt. 19] ¶¶ 70, 79. To relate back Franks must show he engaged in due diligence to discover the identity of parties and promptly move to amend. *See Regjovich v. First W. Invs., Inc.*, 997 P.2d 615, 620 (Idaho 2000). Dr. Young's role as regional

medical director of Centurion of Idaho should have been known—and could have been known—to Franks when he filed his original complaint.

For the first time, in his *Opposition* briefing, Franks claims Dr. Young is substituted for Doe Nos. 3, 4, or 5. [Dkt. 24] at 10. Franks' claims against Dr. Young should be dismissed as untimely because Dr. Young cannot be considered an "unknown" employee, as he was the Regional Medical Director during the relevant time; Franks could have discovered this information at the time of filing of his original Complaint. *See* [Dkt. 1] ¶¶ 9-11. None of these arguments are persuasive.

Further, Franks alleges unidentified Doe No. 1 was responsible for scheduling appointment but caused an unreasonable delay, *id. at* ¶¶ 22-23; Doe No. 2 unreasonably delayed medical testing, *id.* at ¶ 25; and Does Nos. 3, 4, and 5 ignored Franks' requests to change the menu option, *id.*, ¶ 12. *See Opposition,* pp. 8-10. Yet, the Amended Complaint retains **all five** Doe Defendants. *Id.* ¶¶ 11-12. Franks' Amended Complaint does not demonstrate that Dr. Young or Centurion were specifically substituted for one of the original Doe defendants to support the argument the Amended Complaint relates back to the original date of filing of the complaint.

In addition, Franks claims that two years before he filed the motion to amend, he was still in IDOC custody, so he was still subject to continuing medical care. [Dkt. 24] at 5. Franks argues under his filing date argument that looking two years back to March 25, 2023 allows him to plead all allegations that occurred while Franks was incarcerated as part of the "ongoing and continuous" exception. *Id.*, at 5-6. The Ninth Circuit has recognized "two applications of the continuing violations doctrine: first, to a series of related acts, one or more of which falls within the limitations period, and second, to the maintenance of a discriminatory system both before and during the limitations period." *Bird v. State*, 935 F.3d 738, 746 (9th Cir. 2019) (cleaned up). "Each discrete

… act starts a new clock for filing charges alleging that act." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). The Court in *Bird* noted "little remains of the continuing violations doctrine" and "the serial act branch is virtually non-existent." *Bird*, 935 F.3d at 748. Citing other instances of alleged continuing impact, the Ninth Circuit Court held that a "continuing effect is insufficient to constitute a continuing violation." *Id.*; *see Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (holding repeated denials of prison visitation rights did not constitute continuing due process violation because each subsequent denial merely implemented original suspension and did not represent independent violation). The Amended Complaint mentions Dr. Young **once**, in relation to Franks' care in the December 2022 email. [Dkt. 19] ¶ 70. This single discrete event does not trigger the exception. Further, the exception does not apply based on a single employee's remarks about turnover. [Dkt. 19] ¶ 78. Franks fails to allege a continuous unlawful act because he was provided medical care on several occasions as well as afforded not one, but two, special diets.

Thus, on its face, Franks' Amended Complaint cannot substantiate a deliberate indifference claim beyond the statute of limitations. Centurion and Dr. Young could have been named as part of the original Complaint but were not and the argument that their identity could not have reasonably been discovered until some discovery occurred does not save Franks' allegations against Defendants. Moreover, Franks' Amended Complaint does not demonstrate Plaintiff truly substituted Centurion of Idaho and Dr. Young for the placeholder "Doe" defendants. Franks' claims are, therefore, time barred.

**B. Dismissal is also warranted because Franks does not allege that Defendants acted purposefully or failed to act by providing treatment once he notified Defendants of a serious medical condition.**

Franks failed to plead that Defendants acted purposefully or failed to act in providing medical care or treatment, where Defendants caused him "unnecessary and wanton infliction of

pain." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). Put another way, Franks must show some act or omission by Defendants that rose to a level beyond "ordinary lack of due care." *Id.* This is necessary to support a deliberate indifference claim and the omission is fatal. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989); *see also* Defendants. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

In his *Opposition,* Franks asserts his claim against Defendants survives a Rule 12(b)(6) challenge because he was suffering from a serious medical need, toward which Defendants were deliberately indifferent. *See Opposition,* at pp. 10-12. Franks' argument is unpersuasive. Franks' recitations of his symptoms and post-release surgery are not adequately tied to any act or omission by Defendants that rises to a level beyond ordinary lack of care. To sustain an Eighth Amendment claim, a plaintiff must demonstrate a Defendant "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (explaining deliberate indifference). The Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health." *Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009). The law does not mandate individually personalized diets upon prisoner request or upon speculation that a different diet would improve their health. The demand to inspect food preparation or the creation of an entirely new and tailored menu is not a serious medical condition under an Eighth Amendment analysis. *Hayes v. Conway*, 144 Idaho 503, 507, 163 P.3d 1215, 1219 (Ct. App. 2007).

While Franks highlights Dr. Young's email stating he will not change the allergen-free medical diet for one inmate, Franks does not allege that this position rises to the level of deliberate indifference sufficient to sustain an Eighth Amendment claim against Dr. Young. There is no allegation that Dr. Young (1) *knew of a serious medical need* because Franks was provided the

REPLY IN SUPPORT OF MOTION TO DISMISS - 6

special diet; (2) *knew of potential future significant injury* because Franks submitted HSRs at some point to someone; (3) knew of Franks' *risk of serious harm* because Franks never alleged he noted severity in his HSRs; or (4) that Dr. Young did not take *reasonable* steps. [Dkt. 19] ¶ 75. Franks recognizes he was provided medical care to identify previously unknown food allergies and that he was provided two separate medical diets. *Id.*, ¶¶ 20-29, 35, 70-72]. Franks does not explain in his allegations how his gastrointestinal issues presented an obvious risk that implicates deliberate indifference. *Farmer*, 511 U.S. at 842.

Further, Franks' *Opposition* explains his reliance on an alleged policy, practice, or custom of Centurion of Idaho's to sustain his claim as to Centurion of Idaho, and the alleged policy related to staffing shortage and delays in medical providers' responses. *See Opposition,* at p.13. Again, Franks' allegations are insufficient because he does not allege that understaffing by Centurion of Idaho constituted a conscious disregard of a substantial risk of serious injury to Franks, or that Defendants acted with subjective recklessness, or that Defendants caused Franks "unnecessary and wanton infliction of pain." *Compare* [Dkt. 19] ¶ 78, *with Snow v. McDaniel,* 681 F.3d at 985. In contrast, Franks' own allegations reflect he was being seen by medical providers, and was provided special medical diet accommodations for his food allergies that ostensibly caused his asserted symptoms. In short, Franks' allegations reflect his recognition that Defendants were willing to— and did—provide Franks with a special menu option and blood tests to assess his potential risks with the diet modification. Franks was not denied treatment for his medical condition, and Defendants did not fail to respond to Franks' requests.

Additionally, and contrary to his *Opposition* briefing, Franks has not met the standards of a *Monell* claim. Franks addresses *Monell* to claim delays in treatment by Centurion of Idaho, as a state actor, were violations of his Eighth Amendment rights. [Dkt. 24] at 13 (citing *Monell v. Dep't*

REPLY IN SUPPORT OF MOTION TO DISMISS - 7

*of Soc. Servs.*, 436 U.S. 658, 661, 98 S. Ct. 2018, 2020 (1978)). "In *Monell*, the Supreme Court held that while a plaintiff could sue a municipality or local government unit under § 1983, these entities were not liable for the malfeasance of their employees." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (citing *Monell*, 436 U.S. at 690-91 ("[I]n other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") "Instead, to establish municipal liability under § 1983, a plaintiff must show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* (cleaned up). A plaintiff challenging an unconstitutional policy under *Monell* must demonstrate the policies, "(1) exposed her to a substantial risk of serious harm; and (2) were deliberately indifferent to her constitutional rights." *Id.* at 1258 (citing *Farmer*, 511 U.S. at 837, 842).

Franks' amended pleading is insufficient to establish *Monell* liability. Franks does not state how his HSRs identified the seriousness of his medical condition or the medical provider he gave these HSRs. Franks fails to demonstrate Defendants purposefully understaffed medical providers or intentionally delayed care, and those actions or omissions resulted in his claimed damage. Rather, his Amended Complaint demonstrates Defendants provided medical care to address his food allergy concerns and associated gastrointestinal symptoms, including ordering two special medical diets for him. Franks does not claim he was denied medical care for gastrointestinal symptoms. Nor does Franks claim his meals were insufficient. Instead, he asserts the degree of medical attention and adjustment of his meals was not preferred, yet he declined alternatives. His conduct was akin to other instances of an inmate's personal decision not to comply or to punish oneself. *See Foster*, 554 F.3d at 812-13. Defendants did not have a policy of ignoring HSRs and Franks does not allege he was denied admission for treatment, or that he went hungry. Therefore,

Defendants respectfully request this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims against Defendants in their entirety.

## CONCLUSION

Franks has failed to properly assert a claim for relief under the Eighth Amendment against Defendants. Franks' allegations are time barred because they are discrete events that occurred more than two years before his Amended Complaint was filed. Franks' Eighth Amendment allegations should be dismissed because they fail to demonstrate a reasonable inference that Defendants acted with deliberate indifference towards him, resulting in unnecessary and wanton infliction of pain or something beyond ordinary lack of due care. Defendants respectfully request this Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims against Defendants in their entirety and with prejudice.

DATED this 29th day of September, 2025.

DUKE EVETT, PLLC,

By: /s/ Christina M. Hesse
Christina M. Hesse – Of the Firm
*Attorney for Defendants Centurion of Idaho, LLC, and Murray Young, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2025, I cause a true and correct copy of the foregoing documents to be electronically filed with U.S. District Court, which send a Notice of Electronic Filings to the following persons:

| | |
|---|---|
| Craig H. Durham | chd@fergusondurham.com |
| Erika S. Guerra | esg@nelsonwilliamslaw.com |
| Tyler D. Williams | tyler@nelsonwilliamslaw.com |

/s/ Christina M. Hesse
Christina M. Hesse – Of the Firm